UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE JENSEN-EDWARDS,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, not in its Individual Capacity but solely as Trustee for NRZ Pass-Through Trust VIII; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") as nominee for Lehman Brothers Bank, FSB, a Federal Savings Bank, its Successors and Assigns; NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; QUALITY LOAN SERVICE CORPORATION; ROBERT W. McDONALD, ESQ., and DOES 1-10, Inclusively,<br><br>     Defendants. | Case No. 2:20-cv-00055-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. Dkt. 17. The motion is fully briefed and ripe for decision. In consideration thereof, and pursuant to Idaho Local Civil Rule 7(d)(1)(b), the Court determines that oral argument is not

necessary on the motion. For the following reasons, the motion will be denied in part and granted in part.

## BACKGROUND

In 2005, Plaintiff executed a deed of trust, which secured a $345,000 mortgage loan. The deed listed Lehman Brothers as the lender, MERS as the beneficiary, and Alliance Title as the trustee. In 2009, Plaintiff defaulted on the loan.

Plaintiff has since challenged the loan's validity in state district court (Dkt. 17-5), the Idaho Supreme Court (17-4), and bankruptcy court (17-7). After the state district court dismissed her complaint with prejudice, Plaintiff appealed to the Idaho Supreme Court, which affirmed the district court. *Edwards v. Mortgage Electronic Registration Systems, Inc.*, 300 P.3d 43 (Idaho 2013). Thereafter, the bankruptcy court found the Plaintiff's claims were barred by the *Rooker-Feldman* doctrine and claim preclusion. Dkt. 17-8 at 8.

Plaintiff's complaint alleges that the Defendants (1) lack standing to foreclose the Property, (2) violated the Real Estate Settlement Procedures Act ("RESPA"), and (3) violated the Idaho State Deeds of Trust Acts. *See* Dkt. 1. In the present motion, the Defendants argue the claims should be dismissed because the *Rooker-Feldman* doctrine and res judicata bar the Plaintiff from bringing the first and third claims, and the second claim fails as a matter of law.

## LEGAL STANDARD

The *Rooker-Feldman* doctrine prohibits a federal court from exercising jurisdiction over a lawsuit that is a de facto appeal of a state court judgment. *See Rooker v. Fidelity Trust Co.*, 265 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The doctrine of res judicata, which encompasses both issue and claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Though claim preclusion is an affirmative defense, a court may grant a Rule 12(b)(6) motion to dismiss on claim preclusion grounds if "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Pursuant to the Full Faith and Credit Clause, a "federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Holcombe v. Hosmer*, 477 F.3d 1094, 1-97 (9th Cir. 2007) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Therefore, to determine the preclusive effect of a state court decision, federal courts must apply state law. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007).

## ANALYSIS

First, the Plaintiff requests that this action be suspended in accordance with the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Dkt. 20 at 2. The CARES Act provides that "a borrower with a Federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency may request forbearance on the Federally backed mortgage loan, regardless of delinquency status." 15 U.S.C.A. § 9056(b)(1). However, the Plaintiff's loan is not federally backed.[1] Additionally, this is not a foreclosure proceeding, but rather an action initiated by the Plaintiff to contest the validity of her loan. The CARES Act forbearance provision does not apply here.

The Court also acknowledges that the Plaintiff, appearing *pro se*, has had

---

[1] The act defines a federally backed mortgage loan as: "any loan which is secured by a first or subordinate lien on a residential real property (including units of condominiums and cooperatives) designed principally for the occupancy of from 1- to 4- families that is –
  (A) insured by the Federal Housing Administration under title II of the National Housing Act (12 U.S.C. 1707 *et seq.*);
  (B) insured under section 255 of the National Housing Act (12 U.S.C. 1715z-20);
  (C) guaranteed under section 184 or 184A of the Housing and Community Development Act of 1992 (12 U.SC. 1715z-13a, 1715z-13b);
  (D) guaranteed or insured by the Department of Veterans Affairs;
  (E) guaranteed or insured by the Department of Agriculture;
  (F) made by the Department of Agriculture; or
  (G) purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.
15 U.S.C.A. § 9056(2)

(Continued)

difficulty accessing the information from the law library given its closure due to COVID-19. In considering this and the precedent surrounding *pro se* litigants, the Court construes the Plaintiff's compliant and briefing liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### A.    Lack of Standing Claim

The complaint alleges the Defendants lack standing to foreclose the Plaintiff's property. In analyzing this claim, the Court will grant the Defendant's request to take judicial notice of Exhibits A–G.[2]

### 1.  *Rooker-Feldman* Doctrine

First, the Defendants argue that the *Rooker-Feldman* doctrine bars the Plaintiff's lack of standing claim because the issue was already addressed by the Idaho Supreme Court. *Rooker-Feldman* only bars "de facto appeals" of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). A suit brought in a district court is a "de facto appeal" forbidden by *Rooker-Feldman* when "a

---

[2] Exhibits A and B contain the Deed of Trust and its corporate assignments. Dkt. 17-2; 17-3. Exhibits C–G include the relevant pleadings and court decisions from the Plaintiff's prior cases regarding the foreclosure at issue here. Because these Exhibits are public records, the Court will take judicial notice of them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."); *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue"); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record).

federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on a decision." *Id*.

The Ninth Circuit has recognized that "[t]he clearest case for dismissal based on the Rooker–Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir.2007).   However, the Ninth Circuit has also made clear that *Rooker–Feldman* applies where the parties do not directly contest the merits of a state court decision, but are attempting to bring a suit that is, in effect, an appeal from a state court judgment. *Id.*  This occurs when "the claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003). "In such circumstances, 'the district court is in essence being called upon to review the state court decision.'" *Reusser v. Wachovia,* 525 F.3d at 859 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983).

Here, the claim is a de facto appeal of a state court judgment because the

plaintiffs are pursuing here the identical claim that was resolved against them in the state courts.  As such, they are, in effect, challenging the state court decision as erroneous and seeking relief from that decision.  Therefore, the *Rooker Feldman* doctrine applies to this claim.

The bankruptcy court concluded that *Rooker-Feldman* barred this claim for that very reason, concluding that:

> If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The Court agrees.  The Plaintiff's standing claim is barred by *Rooker-Feldman*.

### 2.  Res Judicata

Plaintiff's standing claim is also barred by res judicata, as it has been litigated in both Idaho state court and the federal bankruptcy court. Under Idaho law,[3] "[f]or claim preclusion to bar a subsequent action there are three

---

[3] To determine the preclusive effect of a state court decision, federal courts must apply state law. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007).

requirements: (1) same parties; (2) same claim; and (3) final judgment." *Ticor Title Co. v. Stanion*, 157 P.3d 613, 618 (Idaho 2007). Claim preclusion may also apply if the parties are in privity with a party to the former action. *Id.* Further, claim preclusion bars not only the claims in the former action, but also "every matter which might and should have been litigated in the first suit." *Magic Valley Radiology, P.A. v. Kolouch*, 849 P.2d 107, 110 (1993). The prior adjudication "extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond v. Farmers Group, Inc.*, 804 P.2d 319, 323 (Idaho 1990). "A cause of action can be barred by a prior adjudication even though the theory of liability and supporting evidence differ from the cause of action actually litigated in the prior lawsuit." *Andrus v. Nicholson*, 186 P.3d 630, 633 (Idaho 2008) (citing *Magic Valley Radiology*, 849 P.2d at 110–112.

The claim made here is identical to the standing challenge dismissed by the previous proceedings. The complaint alleges that Defendant MERS and USBNA do not "have 'standing' to undertake this non-judicial foreclosure." Dkt. 1 at 10. In her state district court complaint, Plaintiff sought injunctive relief on the grounds that the "Defendants [were] seeking, without satisfying the necessary legal standing requirements . . . to institute a foreclosure sale." Dkt. 17-5 at 9. The district court dismissed this complaint with prejudice. Dkt. 17-4 at 5–6. Plaintiff

appealed the decision to the Idaho Supreme Court, which held MERS did not need

standing to foreclose the Plaintiff's property:

> Although standing is required to invoke the jurisdiction of a court, it is not a requirement for the nonjudicial foreclosure of a deed of trust. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 861 (Idaho 2012). Thus, Plaintiff is not entitled to restrain the foreclosure sale based upon MERS's alleged lack of standing.

*Edwards v. Mortgage Electronic Registration Systems, Inc.*, 300 P.3d 43, 48 (Idaho

2013). Further, the bankruptcy court granted the Defendants' motion for summary

judgment on Plaintiff's lack of standing claim, finding that it had already been

litigated in the previous proceedings.

Moreover, this claim is alleged against MERS and USBNA. MERS was a

party to the prior proceedings, and USBNA, which is listed as the current

beneficiary, is in privity with MERS as its successor-in-interest.  The Idaho

Supreme Court held that MERS, as the beneficiary, had authority to foreclose the

deed of trust as an agent for Lehman Brothers. *Id.* at 49. Further, each of the

preceding courts issued a final judgment on the merits of this claim. Plaintiff is

precluded from adjudicating the same claim again in this Court.

Because this claim cannot be saved by amendment, the Court will dismiss

the claim with prejudice and without leave to amend. *See Harris v. City of Orange*,

682 F.3d 1126, 1131 (9th Cir. 2012) (citation omitted) ("Dismissal with prejudice

and without leave to amend is not appropriate unless it is clear . . . that the

complaint could not be saved by amendment.").

**B.     Violation of Idaho State Deeds of Trust Acts**

The Complaint further alleges that the Defendants violated the Idaho State Deeds of Trust Acts by failing to properly serve Plaintiff with the Notice of Default. The Defendants argue that, though the Plaintiff did not bring a claim addressing this specific issue in the state and bankruptcy courts, it stems from the same transaction surrounding the defects in the deed as addressed by those courts and therefore is barred by claim preclusion. However, claim preclusion is not applicable "where matters raised in the second suit were not ripe for adjudication in the prior action." *Diamond*, 804 P.2d at 322 (citation omitted).

This claim was not ripe for adjudication in the prior actions because the Notice of Default at issue was not recorded until after the final judgments were issued in those proceedings. The state court complaint was filed in 2010 (Dkt. 17-5) and its dismissal was affirmed by the Idaho Supreme Court in 2013 (Dkt. 17-4). Further, the bankruptcy action was initiated in 2014 (Dkt. 17-7) and summary judgment was granted in 2015 (Dkt. 17-8). The Notice of Default at issue in this claim, however, was not recorded until November 6, 2019. Dkt. 1 at 17. Because the conduct at issue occurred after the previous proceedings, the Plaintiff could not have brought this claim in those matters. The claim cannot be barred by res judicata.

### C.   RESPA Claim

Finally, the Plaintiff alleges that Defendant Cooper violated the Real Estate Settlement Procedures Act ("RESPA") by failing to timely respond to her Qualified Written Request ("QWR"). Dkt. 1 at 11–16. Plaintiff alleges that she mailed a QWR to Cooper on January 18, 2020,[4] and that Cooper received the request on January 22, 2020. Dkt. 1 at 14. Plaintiff's complaint (filed on February 4, 2020) alleges Cooper did not provide a written response acknowledging receipt of the QWR within 5 days, as required by 12 U.S.C. § 2605(e)(1)(A), and did not "provide the information or explain why it is unable to do so" within 30 days, as required by § 2605(e)(2)(C).

Defendants argue the claim is invalid because the complaint was filed on February 4, 2020, before their response was due. Dkt. 17-1 at 10. Plaintiff responds by focusing on the Defendants' alleged failure to acknowledge receipt of the notice within 5 days. Dkt. 20 at 8. The Defendants request that the Court take judicial notice of Exhibit I (and its Exhibits 1–3), which contains the Defendant's alleged timely responses to Plaintiff's QWR.

"As a general rule, a district court may not consider any material beyond the

---

[4] In her reply, Plaintiff acknowledges that this date was cited erroneously as January 17, 2019 in her complaint. Dkt. 20 at 8.

pleadings in ruling on a Rule 12(b)(6) motion" without converting the motion into one of summary judgment. *Lee*, 250 F.3d at 688 (citation omitted). However, a court may only take judicial notice of material in a motion to dismiss if (1) the material is either submitted as part of the complaint or is necessarily relied upon by the complaint, or (2) the material is a matter of public record. *Id.* at 688–89.

Defendants argue the Court may take judicial notice of the letters because they are "central to Ms. Jensen-Edwards's complaint." Dkt. 17-1 at 10 n.5. However, in the complaint Plaintiff alleges the letters were never sent. A court may not take judicial notice of disputed factual matters. *See Lee*, 250 F.3d at 688 (finding the district court erred by taking judicial notice of disputed facts and granting the defendant's 12(b)(6) motion on the grounds of factual challenges). All factual allegations set forth in a complaint are taken as true, and "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Id.* The letters are disputed factual material because the Plaintiff insists she did not receive any response from the Defendants. Dkt. 20 at 6. Therefore, the Court cannot take judicial notice of the letters in considering this motion to dismiss. Because the complaint plausibly alleges the Defendant violated RESPA by failing to timely respond to the Plaintiff's QWR, the Court will deny the Defendant's motion to dismiss as to the RESPA violation

claim.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the Plaintiff's lack of standing claim with prejudice. Moreover, the Court will deny the Defendant's motion to dismiss the claims alleging violations of the Idaho State Deed of Trust Acts and RESPA.

## ORDER

**IT IS ORDERED that:**

1.    Defendant's Motion to Dismiss (Dkt. 17) is **GRANTED in part and DENIED in part**.

DATED: July 31, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 13**