UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE JENSEN-EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:20-cv-00055-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Defendants' motion for summary judgment (Dkt. 34). The Court finds the motion appropriate for decision without oral argument. For the reasons discussed below, the Court denies in part and grants in part Defendants' motion.

## BACKGROUND

In May 2005, Jensen-Edwards obtained a mortgage loan in the amount of $345,000. This loan is a conventional loan and thus is not insured by the Federal

Housing Administration (FHA).[1] (*See* Dkt. 34-2 at 28; Dkt. 41-1 at 22.)

To obtain the loan, Jensen-Edwards executed a promissory note for $345,000 in favor of Lehman Brothers Bank (Dkt. 34-4 at 5-7; Dkt. 1), with the promissory note secured by a deed of trust (Dkt. 34-4 at 10-25). The deed of trust was recorded on May 25, 2005, with the Kootenai County Recorder's Office. The subject of the deed of trust is Jensen-Edwards' primary residence located in Post Falls, Idaho (the subject property). Defendant U.S. Bank National Association, not in its individual capacity but solely as Trustee of the New Residential Mortgage Loan Trust 2020-NPL1, holds the promissory note, and Shellpoint services the mortgage loan.

Jensen-Edwards represents that she suffered great financial loss as a result of the economic downturn of 2007-2009. She admits that she defaulted on her loan in August 2009 and does not deny that she has been in default since that time. She represents that she has attempted to obtain a loan modification but that her attempts have been unsuccessful.

---

[1] Jensen-Edwards has submitted evidence that her loan is a Fannie Mae loan. (Dkt. 41.) She contends that her loan is thus subject to the protections of the CARES Act. (*Id.*) However, the applicability of the CARES Act is not an issue that has been raised in the complaint and accordingly will not be addressed by the Court in deciding the summary judgment motion.

On June 28, 2019, the servicer of the loan at that time, Defendant Nationstar doing business as Mr. Cooper, mailed Jensen-Edwards a letter identifying the loan, the nature of the default, a demand to cure within 30 days, the amount required to cure, and a statement that the default might be reported to a credit reporting agency. (Nationstar Decl., Dkt. 34-3 at 3, 28-30.) This letter was mailed to the following address: "Leslie J Edwards care of Brown & Patrick – Boise Branch Office 6126 W State St Boise, ID 83703-2741." (*Id.* at 28.)

In July 2019, Defendant Robert McDonald was engaged to be trustee under the deed of trust and was instructed to proceed to foreclosure. (McDonald Decl., Dkt. 34-4 at 2.) Based on that instruction, McDonald executed and recorded a notice of default that was recorded on November 6, 2019. (*Id.* at 2; *Id.* at 27-28.) It is McDonald's practice to mail both the notice of default and the notice of sale at the same time, and he intended to do so in this case. He also admits that both a notice of default and a notice of sale are required to be sent to Jensen-Edwards pursuant to Idaho Code § 45-1505. However, as explained below, McDonald has not yet mailed either of these documents to Jensen-Edwards.

On November 18, 2019, Jensen-Edwards sent a letter to Quality Loan

Services, for whom McDonald works. The letter is dated November 13, 2019,[2] and states that there is an automatic stay in place under the Bankruptcy Code and that Insight Investing holds the deed and security interest in the Bankruptcy proceedings. (Dkt. 34-4 at 30-33.) Jensen-Edwards attached a "Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline," which is from bankruptcy case number 19-05351 in the U.S. Bankruptcy Court for the Southern District of California. (*Id.* at 31.) The document lists Insight Investing LLC as the debtor; a filing date for the case of September 3, 2019, with conversion to Chapter 7 on November 7, 2019; and a no proof of claim deadline of December 15, 2019. (*Id.*) Neither this document, nor any other evidence in the record, demonstrates how Insight Investing is related to the present case or to the subject property. The Court notes, however, that Jensen-Edwards is listed in the case. *See In re Insight Investing, LLC*, Case No. 19-05351 (S.D. Cal. Bankr. Dec. 16, 2019), at Dkt. 80-2 at 2 and 80-3 at 2. At any rate, that bankruptcy case was dismissed on December 18, 2019, based on the debtor's failure to appear, and all automatic stays associated with that case have been vacated. *Id.* at Dkt. 82, *Order granting Trustee's Motion*

---

[2] The return address on the envelope Jensen-Edwards used to mail the November 18, 2019, letter to McDonald is "2600 E. Seltice Wy #144, Post Falls, ID 83854."

*to Dismiss Case*.

Upon receipt of Jensen-Edwards' November 13, 2019, letter and attachment regarding the Insight Investing bankruptcy, McDonald paused the foreclosure and delayed mailing Jensen-Edwards the notice of default and notice of sale. (Dkt. 34-4 at 2.) McDonald again delayed mailing the notice of default and notice of sale when Jensen-Edwards filed the present case. (*Id.*) McDonald admits that, to date, neither the notice of default nor the notice of sale have been mailed to Jensen-Edwards. (*Id.*)

In January 2020, Jensen-Edwards mailed a qualified written request (QWR)[3] to Defendant Nationstar/Mr. Cooper. Although the QWR is dated January 13, 2019, it appears that the "2019" is a typographical error, and the QWR was intended to be dated "2020." It is undisputed that this QWR was received by Nationstar/Mr. Cooper on January 14, 2020. (Nationstar Decl., Dkt. 34-3 at 3, 4-9; Dkt. 1 at 14.) This QWR requested that the information and documents responsive to the QWR be sent to the following address: Leslie Jensen-Edwards, 2600 Seltice Way #144, Post Falls, ID 83854. (Dkt. 34-3 at 6.) Nationstar/Mr. Cooper has

---

[3] The Court assumes, for purposes of the motion for summary judgment, that this request and the second request Plaintiff sent to Nationstar/Mr. Cooper qualify as QWRs.

submitted evidence that it sent an acknowledgement of receipt of this QWR on January 16, 2020. (Dkt. 34-3 at 12.) However, this acknowledgement was sent to the following address: "Leslie Edwards  6126 West State Street  Boise, ID 83703." (*Id.*) Thus, the acknowledgement was not sent to the address requested by Jensen-Edwards in the QWR. And, Jensen-Edwards has submitted evidence that she never received this acknowledgement. (Dkt. 1 at 9, 14, 15.)

A short time later, Jensen-Edwards mailed a second QWR to Nationstar/Mr. Cooper. The second QWR is dated January 16, 2019, but again the "2019" appears to be a typographical error and that it should be "2020." It is undisputed that this second QWR was received by Nationstar on January 18, 2020. (Dkt. 34-3 at 3, 14-17; Dkt. 1 at 14.) The second QWR requested the identical information that had been requested in the first QWR. Further, like the first QWR, the second QWR, requested that the information and documents responsive to the QWR be sent to the following address: Leslie Jensen-Edwards, 2600 Seltice Way #144, Post Falls, ID 83854. (Dkt. 34-3 at 15.) Nationstar/Mr. Cooper has submitted evidence that it sent an acknowledgement of receipt of this second QWR on January 22, 2020. (Dkt. 34-3 at 3, 19-20.) However, this acknowledgement was sent to the following address: "Brown & Patrick – Boise Branch Office  6126 West State Street  Boise, ID 83703." (Dkt. 34-3 at 19-20.) .) Thus, the acknowledgement was not sent to the

address requested by Jensen-Edwards. And, Jensen-Edwards has submitted

evidence that she never received this acknowledgement. (Dkt. 1 at 9, 14, 15.)

Nationstar has submitted evidence that it mailed Jensen-Edwards a response

to both QWRs on January 31, 2020. (Dkt. 34-3 at 3, 22-25.) This response was sent

to the following address: "Leslie Edwards  c/o Brown & Patrick – Boise Branch

Office  6126 West State Street  Boise, ID 83703." (*Id.* at 22.) Thus, the response

was not sent to the address requested by Jensen-Edwards in the QWRs. And,

Jensen-Edwards has submitted evidence that she never received this response to

the QWRs. (Dkt. 1 at 9, 14, 15.)

In February 2020, Jensen-Edwards filed the present action. Jensen-Edwards

alleges that Defendants (1) violated the Real Estate Settlement Procedures Act

(RESPA), (2) violated the Idaho State Deeds of Trust Act, and (3) violated 24

C.F.R. § 201.50(b).[4] (Dkt. 1.) Defendants seek summary judgment on the claims,

contending that the relevant facts are undisputed, and they are entitled to judgment

as a matter of law.

---

[4] The Court previously dismissed Jensen-Edwards' claim that Defendants lack standing to foreclose on the property. (*See* Dkt. 24). Thus, the only remaining claims before the Court are the RESPA and Idaho State Deeds of Trust Act claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, this Court must "view[ ] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. Accordingly, this Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

It is not enough for the non-moving party to rest on mere allegations or denials in his or her pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). However, the Supreme Court has instructed the federal courts to construe a *pro se* litigant's pleadings liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Further, a verified complaint based on personal knowledge setting forth

specific facts admissible in evidence is treated as an opposing affidavit under Federal Rules of Civil Procedure 56. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). Here, Jensen-Edwards' complaint was sworn to under penalty of perjury. (Dkt. 1.) Accordingly, in connection with the Motion for Summary Judgment, this court considers as evidence specific facts set forth in the complaint to the extent such facts appear to be based on Jensen-Edwards' personal knowledge and are otherwise admissible.

## ANALYSIS

### A.   RESPA Claim

Under RESPA, if a "servicer of a federally related mortgage loan receives" a qualified written request (QWR) from the borrower "for information relating to the servicing of such loan," the servicer is required to provide a written acknowledgement of receipt of the QWR within five days (with exceptions not applicable here) and must, within 30 days, provide a response to the QWR that fulfills the requirements set out in RESPA. *See* 12 U.S.C. § 2605(e)(1)(A), (2). Further, during a 60-day period that begins on the date of the servicer's receipt of a QWR "relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency . . . ." *Id.* at § 2605(e)(3).

Here, Jensen-Edwards contends that Defendant Nationstar/Mr. Cooper violated RESPA by failing to respond to or acknowledge Jensen-Edwards' QWRs. She contends that,  as a result of this failure, she was unable to obtain her complete payment history and other information requested in her QWR. She also contends that Nationstar/Mr. Cooper violated their RESPA obligations by failing to refrain from reporting any negative credit information to the credit reporting agencies.

As set forth above, the QWRs submitted by Jensen-Edwards requested that any response be sent to her at her Post Falls address. As also set forth above, the evidence submitted by Nationstar/Mr. Cooper shows that the response to, and acknowledgements of, the QWRs were sent to a Boise address—6126 West Street, Boise, ID 83703—which is apparently the address of Brown & Patrick, a law firm. There is no evidence that either the acknowledgements or the response were sent to the Post Falls address, as requested in the QWRs. Nor is there evidence or explanation as to why the response and acknowledgements were sent to the Boise address. The Court acknowledges that neither party has directly raised this issue regarding the different addresses. However, Jensen indirectly raises this issue through her contention that she never received either an acknowledgement or a response to her QWRs.

The question thus becomes whether a servicer is required to provide its

acknowledgement and response to a QWR to the address specified in the QWR, or to some other address of record. There does not appear to be any case law directly on point. However, the decision in *Wanger v. EMC Mortg. Corp.*, 103 Cal. App. 4th 1125, 1136-37 (2002), is instructive. In that case, the servicers sent a required RESPA notice to the borrower's old address after the borrower had provided the servicer with a letter containing the borrower's new address. The court found that this evidence raised a question of fact as to whether the servicer had actual knowledge of, or through the exercise of reasonable care and diligence, would have discovered, the borrower's new address. *Id.* The Court therefore denied the defendant servicer's motion for summary adjudication. *Id.*[5] *Id.*

In the present case, Jensen-Edwards stated clearly in both of her QWRs that any response was to be sent to her at the Post Falls address. Further, Defendants

---

[5] In *Rodriguez v. Countrywide Homes*, 668 F. Supp. 2d 1239 (E. D. Cal. 2009), the court acknowledged the holding in *Wanger*, but found the case before it to involve an entirely different situation. Specifically, in the *Rodriguez* case, the borrowers conceded that they did not expressly advise the lender of their post office box mailing address. Further the only evidence submitted by the borrowers was (1) they had informed their loan broker, who completed the loan application, of the post office box mailing address; and (2) that their post office box address was on money orders and other documents contained in their loan file. *Id.* The *Rodriguez* court found this evidence to be insufficient to withstand summary judgment on the issue of the lender's actual or constructive knowledge of the borrowers' post office box mailing address. *Id.*

have not cited to any evidence showing the address of record for the loan, let alone that the Boise address was the address of record. Moreover, even assuming that the Boise address is the address of record for the loan, the QWRs clearly provided a new/different address. There is thus, at minimum, a question of fact as to whether the acknowledgements and response should have been sent to Jensen-Edwards at the Post Falls address in the QWRs rather than the Boise address. Summary judgment on the issue of whether Nationstar/Mr. Cooper complied with RESPA is therefore precluded. *See Wanger*, 103 Cal. App. 4th at 1136-37.

Defendants also contend that they are entitled to summary judgment because Jensen-Edwards has failed to provide evidence of actual damages. However, Jensen-Edwards asserted in her verified complaint that the failure of Nationstar/Mr. Cooper to respond or even acknowledge her QWRs has caused her to suffer emotional distress, the payment of additional fees and higher interest, and severe damage to her credit score. (Dkt. 1 at 15.) Her allegation that she suffered emotional distress as a result of the alleged violations of RESPA is sufficient, in the context of her other allegations, to demonstrate actual damages for purposes of withstanding summary judgment. *See In re Residential Cap., LLC*, 513 B.R. 446 (Bankr. S.D.N.Y. 2014) (the "actual damages" provision of RESPA is "broad enough to allow for recovery of emotional distress damages in appropriate cases");

*see also Wanger*, 103 Cal. App. 4th at 1137 ("Actual damages may include, but are not limited to, (1) out-of-pocket expenses incurred dealing with the RESPA violation, (2) lost time and inconvenience to the extent it resulted in actual pecuniary loss, and (3) late fees.").

### B.     Idaho State Deeds of Trust Act Claim

The Idaho State Deeds of Trust Act provides, in relevant part, that a "trustee may foreclose a trust deed by advertisement and sale" if (1) the trust deed is recorded in the county in which the property is located; (2) there is a default by the grantor or other person owing an obligation that is secured by the trust deed; and (3) the trustee (a) recorded a notice of default that includes the required information and (b) "mailed a copy of such notice by registered or certified mail, return receipt requested, to any person requesting such notice of record as provided in section 45-1511, Idaho Code." I.C. § 45-1505(1)-(3).

It is undisputed that McDonald recorded a notice of default (NOD) regarding the subject property on November 6, 2019. It is also undisputed that McDonald has not to date mailed Jensen-Edwards a copy of the NOD. Jensen-Edwards contends that this failure to mail her a copy of the NOD violates § 45-1505. She also alleges that she independently obtained a copy of the NOD in December 2019, and that the NOD does not comply with the requirements of § 45-1505 because it does not state the amount due under the loan to cure the default.

As discussed above, McDonald held off on mailing the NOD to Jensen-Edwards upon receipt of the notice of a bankruptcy filing that Jensen-Edwards indicated related to the subject property, and then held off again when Jensen-Edwards filed the present action. This delay in mailing the NOD to Jensen-Edwards does not violate § 45-1505. This is because § 45-1505 does not impose a deadline between when an NOD is recorded and the date on which it must be mailed to the grantor or other person owing an obligation under the deed of trust, here Jensen-Edwards. Indeed, the only relevant deadline here is that set out in I.C. § 45-1506, which provides that, once a NOD is recorded and notice of the NOD has been given, a notice of trustee's sale must be provided *at least 120 days prior to the date fixed for the sale*. I.C. § 45-1506.

In the present case, there is no evidence that a trustee's sale has been scheduled. Thus, Defendants' failure to mail the NOD (or the notice of sale) to Jensen-Edwards is not a violation of the Idaho State Deeds of Trust Act.

Jensen-Edwards also contends that Defendants violated I.C. § 45-1505 by failing to include on the NOD the amount due under the loan to cure the default. However, § 45-1505 does not require an NOD to include the amount due to cure the default. To the contrary, § 45-1505 requires only that the NOD include a "statement that a breach of the obligation . . . has occurred," and to set forth "the

nature of such breach" and the trustee's election to sell the property to satisfy the obligation. I.C. § 45-1505(3)(a). There is thus no requirement that the amount due to cure the default be included on the NOD.

Based on the foregoing, the Court will grant summary judgment in favor of Defendants on the Idaho State Deeds of Trust Act claim. However, the Court will dismiss the claim without prejudice to refiling in the event Defendants commit a violation in the future.

### C.     Claim under 24 C.F.R. § 201.50(b)

Finally, Jensen-Edwards contends that Defendants violated 24 C.F.R. § 201.50(b) by failing to provide her with written notice that the loan is in default, the amount in default, and that the loan maturity is to be accelerated. (Dkt. at 1 at 16.) However, § 201.50 is only applicable to FHA insured loans. *See* 12 U.S.C. § 1703 (providing authority for FHA insured loans); 24 C.F.R. § 201.1 (stating that the regulations implement Title I, § 2 of the National Housing Act, 12 U.S.C. § 1703); 24 C.F.R. § 201.2 (defining "borrower" as someone who applies for and receives loan under the National Housing Act, and a "debtor" as including a "borrower.").

The undisputed evidence demonstrates that Jensen-Edwards' loan is not an FHA insured loan. (*See* Dkt. 34-2 at 28-30 (closing settlement statement for the loan which shows that the loan is a conventional and not an FHA loan; Dkt. 41-1 at

22 (statement from forensic loan auditors showing that loan is a conventional loan). Thus, 24 C.F.R. § 201.50 is inapplicable to Jensen-Edward's loan and Defendants were not, therefore, required to comply with the requirements contained in this regulation.

## ORDER

**IT IS ORDERED** that Defendants' motion for summary judgment (Dkt. 34) is **GRANTED** in part and **DENIED** in part as follows:

1.      The motion is **GRANTED** as to Plaintiff's Idaho State Deeds of Trust Act claim, and this claim is **DISMISSED without prejudice**;

2.      The motion is **GRANTED** as to Plaintiff's claim under 24 C.F.R. § 201.50(b), and this claim is **DISMISSED with prejudice**; and

3.      The motion is **DENIED** as to Plaintiff's Real Estate Settlement Procedure Act (RESPA) claim.

**IT IS FURTHER ORDERED** that an informal telephonic status conference is set for **April 30, 2021, at 3:00 p.m.** Defendants shall initiate the call by calling 208-334-9088, with all parties on the line.

DATED: April 1, 2021

B. Lynn Winmill
U.S. District Court Judge