UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE JENSEN-EDWARDS, <br><br> Plaintiff, <br><br> v. <br><br> US BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No. 2:20-cv-00055-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's renewed motion for reconsideration (Dkts. 61, 63) in which Plaintiff seeks reconsideration of the Court's dismissal without prejudice of her claim under the Idaho State Deeds of Trust Act claim (Dkt. 43). The Court will deny the motion.

## LEGAL STANDARD

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency."

*Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## ANALYSIS

The Court previously dismissed Plaintiff's claim for violation of the Idaho State Deeds of Trust Act because, among other things, there was at the time no evidence that a trustee's sale had been scheduled and that, thus, Defendants' failure to provide Plaintiff with a notice of disclosure or notice of sale was not a violation

of the Act. After the Court issued that decision, it learned that Defendants had scheduled the trustee's sale, with such sale initially scheduled for June 15, 2021, but rescheduled for July 13, 2021.

Plaintiff contends that reconsideration of dismissal of claim for violation of the Act is necessary because Defendants have violated the Act by failing to serve a copy of the notice of sale on an adult male who is renting a portion of the subject property from Plaintiff. Specifically, Plaintiff has attached an affidavit in which an individual named Brent Knopp states that he has leased a two-bedroom unit at the subject property from Plaintiff from May 2019 to the present and that he has never been served by U.S. mail or posting on his unit notice regarding a trustee sale.

Under Idaho Code § 45-1506:

(2) Subsequent to recording notice of default as hereinbefore provided, and at least one hundred twenty (120) days before the day fixed by the trustee for the trustee's sale, notice of such sale shall be given by registered or certified mail, return receipt requested, to the last known address of the following persons or their legal representatives, if any:

>   (a) The *grantor* in the trust deed and any person requesting notice of record as provided in section 45-1511, Idaho Code.
>
>   (b) *Any successor in interest* of the grantor *including*, but not limited to, a grantee, transferee or *lessee, whose interest appears of record prior to the recording of the notice of default, or where the trustee or the beneficiary has actual notice of such interest*.

> (c) Any person having a lien or interest subsequent to the interest of the trustee in the trust deed where such lien or interest appears of record prior to the recording of the notice of default, or where the trustee or the beneficiary has actual notice of such lien or interest.
>
> . . . .
>
> (5) At least three (3) good faith attempts shall be made on different days over a period of not less than seven (7) days, each of which attempts must be made at least thirty (30) days prior to the day of the sale, to serve a copy of the notice of sale upon an adult occupant of the real property in the manner in which a summons is served. At the time of each such attempt, a copy of the notice of sale shall be posted in a conspicuous place on the real property unless the copy of the notice of sale previously posted remains conspicuously posted. Provided, however, that if during such an attempt personal service is made upon an adult occupant and a copy of the notice is posted, then no further attempt at personal service and no further posting shall be required. Provided, further, that if the adult occupant personally served is a person to whom the notice of sale was required to be mailed, and was mailed, pursuant to the foregoing subsections of this section, then no posting of the notice of sale shall be required.

I.C. § 45-1506(2), (5) (emphasis added).

Plaintiff's claim that this provision was violated by Defendants by not serving her tenant with a copy of the notice of sale is insufficient to warrant reconsideration for a number of reasons.

First, Plaintiff has not established that she has standing to assert a claim for an alleged violation of § 45-1506 based on failure to provide a copy of the notice of sale to a third-party lessee of a portion of the property, and specifically that, as a

result of the lack of notice *to her tenant*, she will suffer an injury-in-fact. *See See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (the alleged injury must be "actual or imminent, not conjectural or hypothetical" to establish Article III standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (elements of Article III standing).

Second, even assuming Plaintiff has standing, she has not provided evidence that the interest of the tenant/lessee in the property *appeared of record prior to the recording* of the notice of default or that Defendants *had actual knowledge* of the tenant's/lessee's interest. *See* I.C. § 45-1506(2) (requiring notice of sale to a "successor in interest of the grantor including, but not limited to, a grantee, transferee or lessee, whose interest appears of record prior to the recording of the notice of default, or where the trustee or the beneficiary has actual notice of such interest").

Third, I.C. § 45-1506(5) provides that a copy of the notice of sale be served "upon an adult occupant of the real property" and that "a copy of the notice of sale shall be posted in a conspicuous place on the real property." It does not require that notice of sale be served upon *every* occupant or on multiple points on the property.

Based on the foregoing, the Court finds that Plaintiff has not met her burden

of demonstrating that reconsideration is warranted in this case. Accordingly, the Court will deny the motion for reconsideration.

## ORDER

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. 61), as amended (Dkt. 63) is **DENIED**.

DATED: July 1, 2021

B. Lynn Winmill
U.S. District Court Judge